UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-11098 DOC (ADS)                                    Date:  January 7, 2025

Title:  *Maximiana Alonso v. Eric Williams, Warden USMCFP*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Petitioner(s):  Attorney(s) Present for Respondent(s):
None Present                                                None Present

**Proceedings:**     **(IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING JURISDICTION**

Before the Court is a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 ("Petition") filed on August 7, 2024, by Maximiana Alonso ("Petitioner") in the United States District Court for the Western District of Missouri.  (Dkt. No. 1.)  Petitioner, at the time of filing the Petition, was in the custody of the Federal Bureau of Prisons ("BOP") at the United States Medical Center for Federal Prisoners ("USMCFP") in Springfield, Missouri.  (Id. at 3.)  He named USMCFP's warden as Respondent.[1]  (Id. at 1.)  After full briefing, upon learning Petitioner had been moved to the BOP's Long Beach RRM facility in California, District Judge Roseann A. Ketchmark transferred this case to this district on December 10, 2024.  (Dkt. No. 12.)  In her order, Judge Ketchmark explains that, although the Petition was properly before her court at the time of filing, Petitioner's subsequent transfer to California destroyed jurisdiction because his current custodian resides outside the Western District of Missouri.  (Id. at 2–3.)

---

[1] Petitioner initially named C.M. Willoughby as Respondent.  (Dkt. No. 1 at 1.)  Counsel for the government subsequently appeared in the case and listed Eric Williams, then-Warden of USMCFP, as Respondent.  (Dkt. No. 3.)  A few months later, in responding to the Petition on the merits, counsel indicated that Mr. Williams resigned as Warden and that Mr. Willoughby "currently serves as Acting Warden of the USMCFP."  (Dkt. No. 8 at 1, n.1.)  For reasons that are not clear to this Court, Mr. Williams has since remained the named respondent in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-11098 DOC (ADS)                                    Date:  January 7, 2025

Title:  *Maximiana Alonso v. Eric Williams, Warden USMCFP*

      It appears, however, that jurisdictional issues remain. Jurisdiction attaches at the time of filing. Johnson v. Gill, 883 F.3d 756, 761 (9th Cir. 2018) (for § 2241 petition, "jurisdiction established at the time of filing"); Smith v. Campbell, 450 F.2d 829, 834 (9th Cir. 1971) (collecting cases and explaining courts have "uniformly followed" rule that habeas "jurisdiction is measured at the time the action is filed"). A district court has jurisdiction over a § 2241 habeas petition if the petitioner files it in the district of his confinement and names the warden of the facility where he is being held. See Rumsfeld v. Padilla ("Padilla"), 542 U.S. 426, 442–47 (2004) ("general rule" is that "jurisdiction lies in only one district: the district of confinement"); id. at 435 ("default rule is that the proper respondent is the warden of the facility where the prisoner is being held"); Doe v. Garland, 109 F.4th 1188, 1190 & 1191–92 (9th Cir. 2024) (holding district court erroneously exercised jurisdiction over petition filed outside district of confinement that did not name immediate custodian). "[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." Padilla, 542 U.S. at 441 (citing and explaining Ex parte Endo, 323 U.S. 283 (1944)); In re Hall, 988 F.3d 376, 379 (7th Cir. 2021) (explaining jurisdiction not destroyed where petitioner transferred from one BOP facility to another in different district, because proper respondent remained as original court could order BOP as the "ultimate custodian" to take necessary action); Copley v. Keohane, 105 F.3d 827, 830 (8th Cir. 1998) (explaining jurisdiction destroyed where petitioner transferred from BOP's USMCFP facility to United States Probation Office's custody in different district, because "there is no entity that we can order to effect Copley's release should the writ issue").

      The parties are **ORDERED TO SHOW CAUSE by no later than 12:00 p.m. on January 13, 2025,** as to whether this Court has jurisdiction to decide the Petition rather than the Western District of Missouri.

      **IT IS SO ORDERED.**

Initials of Clerk kh